3/5k

FILED
MAR 27 2013
Phil Lombardi, Clerk
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**(1) DANNY HIEDELBERG, Individually and on behalf of others similarly situated,**

**Plaintiff,**

**vs.**

**(1) ADT LLC; (2) ADT SECURITY SERVICES, INC.; and (3) TYCO INTEGRATED SECURITY LLC;**

**Defendants.**

Case No. 13 CV 182 CVE PJC

**JURY TRIAL DEMANDED
ATTORNEY'S LIEN
CLAIMED FOR THE FIRM**

**COMPLAINT**

Plaintiff, DANNY HIEDELBERG, brings this action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. (the "FLSA" or, "the Act"), on behalf of himself and all current and former employees of the Defendants, ADT, LLC, ADT SECURITY SERVICES, INC. and TYCO INTEGRATED SECURITY LLC, who are similarly situated, for unpaid overtime compensation, prejudgment interest, liquidated damages, attorneys' fees and costs.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff was, at all times pertinent to this action, employed by Defendant within the Northern District of Oklahoma.

2. Defendants ADT, LLC, ADT SECURITY SERVICE, INC and TYCO INTEGRATED SECURITY LLC are business entities, conducting business within the Northern District of Oklahoma.

3. Each Defendant is an "employer" within the meaning of the FLSA and each Plaintiff is an "employee" within the meaning of the FLSA. Plaintiff is entitled to the protection



afforded by the minimum wage and overtime provisions of the FLSA, and has standing under Section 16(b) of the Act to maintain this action on behalf of himself and other employees similarly situated.

4. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b); venue properly rests in this Court under 28 U.S.C. § 1391(b), (c).

## FIRST CLAIM FOR RELIEF

(FLSA Violation)

5. At all times material to this lawsuit, Plaintiff has been employed in the capacity of Service Technician and/or Installer for Defendants. Plaintiff frequently has worked in excess of forty (40) hours per week in performance of the duties assigned by Defendants.

6. Plaintiff is not exempt from the overtime compensation requirements of the FLSA under any of the exemptions set forth in the Act. Defendants have a statutory duty to maintain accurate time records covering all hours worked by Plaintiff and to compensate Plaintiff at the rate of one and one-half (1 1/2) times his regular hourly wage for all time worked in excess of forty (40) hours in one week.

7. Defendants violated the FLSA by failing to compensate Plaintiff for the hours worked in excess of forty (40) hours during the workweek at the statutory rate of one and one-half (1 ½ ) times the regular hourly rate.

8. Defendant's failure to properly compensate Plaintiff for overtime worked was neither done in good faith nor objectively reasonable, for which liquidated damages merited.

9. Defendants' failure to properly compensate Plaintiff for overtime hours worked was a knowing, willful and intentional violation of the FLSA, for which the statute of limitations should be extended to include three years of damages.

**CLASS ACTION ALLEGATIONS**

10. At their various facilities, Defendants maintained centralized control and management of most, if not all, major personnel policies and procedures, specifically including those relating to compensation, such as wage administration, overtime payments and payroll. The violations of the FLSA alleged above are pervasive compensation practices implemented by Defendants at their various facilities. Plaintiff is an appropriate representative for the employees of Defendants who has been denied overtime compensation as a result of Defendants' violations of the FLSA. This potential class of Plaintiff consists of all current and former employees of Defendants who was employed at any time during the three years preceding the filing of this action, who was employed in the capacity of Service Technician or Installer, and who do not qualify for a statutory exemption from the overtime requirements of the FLSA. Plaintiff and all current and former employees of Defendants employed as Service Technicians or Installers are thus "similarly situated employees" within the meaning of Section 16(b) of the Act.

11. Defendants are in possession of the names, addresses and employment records of those persons similarly situated to Plaintiff and whom the Plaintiff seeks to represent. Pursuant to Section 16(b) of the FLSA, these individuals are entitled to court-administered notice of this lawsuit in order that they may elect or decline to join Plaintiff in the prosecution of this action.

**SECOND CLAIM FOR RELIEF**

(Recovery of Unpaid Wages under 40 O.s. § 165.9)

12. Plaintiff incorporates and re-alleges the above paragraphs 1-11 as though fully set forth herein.

13. At all times relevant to the filing of this cause of action, ***40 O.S. § 165.9 et seq.*** prohibited an employer from refusing to pay wages earned by an employee.

14. Defendants have refused to pay the full amount of wages earned.

15. The aforementioned refusals was in direct violation of ***40 O.S. §§ 165.1 et seq.***

16. As a direct and proximate result of Defendants' willful violation of ***40 O.S. §§ 165.1, et seq.***, each Plaintiff has suffered, and continues to suffer, loss of income of an amount equal to the total number of hours each worked for which each was not fully compensated.

17. Pursuant to ***40 O.S. § 165.9***, each Plaintiff is also entitled to liquidated damages for Defendants' failure to pay wages; costs and fees of any nature; and reasonable attorney's fees for bringing this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and those current and former employees of Defendant, who are similarly situated, pray that:

A. The Court adjudge Defendants to have violated and to be in violation of the FLSA as to Plaintiff and each of the individuals ultimately joined herein; and

B. The Court, pursuant to Section 17 of the FLSA enjoin Defendants from any further violation of the Act; and

C. After adjudication of the amount due to each Plaintiff and to each current and former employee of Defendants, who are similarly situated and who files a Consent to Join this

action, the Court enter final judgment against Defendants in the sums respectively due to each such employee for unpaid wages, with prejudgment interest thereon, liquidated damages, attorneys' fees and costs pursuant to Section 16(b) of the FLSA; and

D. The Court grant such other and further relief as it may deem to be just and proper.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY

Terry A. Hall, OBA # 10668
1101 N Harrison, Suite D
Shawnee, OK 74801
(405) 275-5242 phone
(918) 948-6982 phone
(405) 260-9330 fax
thall@okhnhlaw.com

Attorneys for Plaintiff